Date signed September 04, 2007



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | : | |
| | | |
| **MGR Distribution Corp.** | : | **CASE NO.  94-50161-DK** |
| **MGRR, Inc.** | | **CHAPTER 7** |
| **Merry-Go-Round Enterprises, Inc.** | : | |
| | | |
| **Debtors.** | : | |

------------------------------------------------

| | | |
|---|---|---|
| **Remco Energy Solutions** | : | |
| | | |
| **Plaintiff,** | : | |
| | | **ADVERSARY NO.** |
| **v.** | : | **06-1644** |
| | | |
| **Melvyn J. Weinstock, Esq., et al.,** | : | |
| | | |
| **Defendants.** | : | |

_____

### MEMORANDUM OF DECISION

Before the court is the Plaintiff's Motion for Remand or Abstention and the
opposition thereto filed by Defendants.  In addition, both the Plaintiff and Defendants submitted
briefs on the issue of removal in response to the court's earlier request.  The court finds that the
arguments and facts are sufficiently set forth in the pleadings and that a hearing would not aid
the decisional process.

The proceedings in this adversary proceeding were removed from the Maryland Circuit Court for Baltimore City (the "State Court").  When removed, the Defendants alleged that federal bankruptcy jurisdiction existed because the State Court litigation was related to the bankruptcy case captioned above, MGR Distribution Corp., MGRR, Inc. and Merry-Go-Round Enterprises, Inc. (together, the "Merry-Go-Round Cases"), pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.

In the Complaint, the Plaintiff pleads legal malpractice by Defendants and seeks damages in the amount of $1,420,768.00.  The allegations arise out of the Defendants' representation of Plaintiff as a creditor in the Merry-Go-Round Cases.  Plaintiff avers that Defendants mishandled the prosecution and settlement of their proof of claim against the bankruptcy estates resulting in a substantially lower recovery for Plaintiff.

Section 1452 of title 28 of the United States Code, as exercised in connection with Federal Rule of Bankruptcy Procedure 9027, authorizes the removal of state court actions related to bankruptcy cases.  The statute provides that except as provided therein,

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.*

28 U.S.C. § 1452(a)(emphasis added).

In turn, Section 1334(b) of title 28 of the United States Code confers upon the United States District Court original jurisdiction over "all civil Proceedings arising under title 11, or related to cases under title 11."  Bankruptcy courts, by referral from the United States District

Courts[1], exercise that jurisdiction within the confines of 28 U.S.C. § 157. The "related to" jurisdiction is extremely broad, yet it is not without limits. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The "mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [1334(b)]." Id. at 994.

The determining test whether a civil proceeding is "related to" the bankruptcy case, that was first articulated in *Pacor*, was "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 994. *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08, 115 S. Ct. 1493 (1995); 1 *Collier on Bankruptcy* ¶ 3.01[4][c][ii][B] at 3-24 (15th Ed. Revised 2001). The *Pacor* court further held that the proceeding does not have to be against the debtor or the debtor's property, but will be found "related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor*, 743 F.2d at 994. The court also held that the bankruptcy proceedings of one party could not include a lawsuit between two other parties, when "there would be no automatic creation of liability against the [bankruptcy party] on account of a judgment against [the defendant]." *Id.* at 995.

The *Pacor* test has been adopted with little or no variation by most circuits, including the Fourth Circuit. *See New Horizon of NY, LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000). More recently, the Court of Appeals has discussed "related to" jurisdiction in its opinion of

---

[1]     The United States District Court for the District of Maryland has referred all bankruptcy cases and adversary proceedings to the United States Bankruptcy Court for the District of Maryland. Local District Rule 402.

*Valley Historic L.P. v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007). In *Valley Historic*, the Court followed the Third Circuit's "close nexus" analysis (*see Bergstrom Binder v. Price Waterhouse Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166 (3d Cir. 2004)), and found that the proceeding in question "must serve[] a bankruptcy administration purpose on the date the bankruptcy court exercises that jurisdiction." *Id.* at 837. The Court explained that "without such a purpose, 'related to' jurisdiction would extend beyond the limited jurisdiction conferred upon bankruptcy courts in the post-confirmation context." *Id.*

Therefore, in order for this court to have jurisdiction over the Complaint in this removed case, the cause of action must affect or impact in some manner the rights and liabilities of the bankruptcy estate or administration of the estate in the Merry-Go-Round Cases. The court takes judicial notice of the fact that the final report and proposed distribution in the Merry-Go-Round Cases has been approved and this removed proceeding is the last remaining matter preventing the court's Clerk from closing the cases.

The gravamen of Defendants' argument that jurisdiction is properly in this court is that the relationship between Plaintiff and Defendants would not have existed but for the Merry-Go-Round Case because the legal malpractice stems from the Defendants' representation of Plaintiff in that case. Defendants go so far as to purport that the administration of the Merry-Go-Round case will be affected because as part of proving the existence of malpractice, the Plaintiff will have to demonstrate that the court-approved settlement of Plaintiff's claim was badly advised and should be vacated.

In this vain, Defendants cite to numerous cases each of which is distinguishable to the point of being inapplicable. For example, Defendants urge the court to follow the Fourth

- 4 -

Circuit opinion of *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003) which found "related to" jurisdiction existed over the debtor's malpractice claim against its own attorneys. However, the Court did not hold, as Defendants infer, that claims based on legal malpractice committed in the course of the bankruptcy case are necessarily related to the bankruptcy case sufficient to create jurisdiction. Rather, the Court found that the legal malpractice claim by the debtor was an attack on the bankruptcy court's approval of debtor's counsel's final fee application and was therefore barred by res judicata.[2] This is clearly distinguishable from the instant proceeding where the employment and representation between Plaintiff and Defendants was not monitored or approved by the bankruptcy court, nor required to be so. *See* 11 U.S.C. §§ 327, 330, 331.

      This court cannot find a "close nexus" between the causes of action brought in State Court by Plaintiff and the Merry-Go-Round Case and finds that the case must be remanded back to State Court pursuant to 28 U.S.C. § 1452(b). Regardless of which party prevails in the malpractice litigation, there is simply no conceivable effect on the bankruptcy estates or the administration of such. Furthermore, and in the alternative, the court finds that even if there were to be even a morsel of "related to" jurisdiction in existence, such relation is so remote as to make the court's exercise of jurisdiction an inefficient use of its scarce judicial resources and would exercise its discretionary right to abstain arising in 28 U.S.C. § 1334(c)(1).[3]

---

[2]    The defendant, Englander, was co-counsel to the debtor-in-possession and both Englander's employment and compensation required the court's approval.

[3]    As to Defendant's argument that this malpractice action impinges on the order entered in the Merry-Go-Round bankruptcy Case approving the settlement, to the extent applicable (if any), defenses of collateral estoppel may be asserted in the state court and do not require this court's federal jurisdiction. No direct attack on the final order approving settlement has been filed and the period for any appeal or rehearing of that order has long expired. *See* Fed. R. Bankr. Proc. 8002 and 9023.

For these reasons, the court finds that the Motion to Remand should be granted.   An Order in conformity with this decision will be entered herewith.


cc:        all counsel
           all parties

**End of Decision**